UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER SCHUH and DIANE SCHUH

       Plaintiffs

-vs-

DRUCKMAN & SINEL, LLP
FIDELITY NATIONAL FINANCIAL, INC.
FIDELITY NATIONAL INFORMATION SYSTEMS, INC.
FIDELITY NATIONAL FORECLOSURE SOLUTIONS, INC.
HSBC BANK USA, NA
HSBC MORTGAGE SERVICES, INC.
HSBC FINANCE CORPORATION
MERSCORP, INC.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
DORY GOEBEL
MARIA OLIVARI
HSBC-DOES 1 TO 4
FIEDLITY DOES 1-4
RICHARD ROE 1-10
THE DOE AND ROE names being fictitious names, the real
names of said defendants being presently unknown to Plaintiffs,
said fictitious names being intended to designate persons and/or
entities who are acting in concert with the defendants

       Defendants
_____

**DECLARATION OF**
**PRESTON L. ZARLOCK**

Docket No. 07-CV-00366(LAK)

      PRESTON L. ZARLOCK, declares, pursuant to 28 USC § 1746, as follows:

      1.     I am a member of Phillips Lytle LLP, attorneys for defendants HSBC Mortgage Services, Inc. and HSBC Bank USA, NA (collectively "HSBC").

      2.     I make this declaration in support of HSBC's motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 9(b) for an Order dismissing this action with prejudice.

  3. Pursuant to this Court's Individual Rules, the Complaint (Docket No. 1) and the Amended Complaint (Docket No. 17) filed by plaintiffs Christopher and Diane Schuh ("Schuhs") are attached as Exs. GG and HH, respectively.

  4. The Notice of Lis Pendens (Docket No. 2) is attached as Exhibit II.

  5. HSBC requests that the Court take judicial notice of the papers, orders and judgments filed in a foreclosure action in New York State Supreme Court, Saratoga County, Index No. 1221/04, entitled "<u>Mortgage Electronic Registration Systems, Inc. v. Schuh, et ano</u>," and appeals therein ("Foreclosure Action") and in related bankruptcy proceedings. True copies of the following relevant papers and orders are attached for ease of reference:

  (a) the Complaint is attached as Exhibit A;

  (b) the Schuhs' *pro se* answer to the Complaint is attached as Exhibit B;

  (c) the foreclosure plaintiff's motion for summary judgment is attached as Exhibit C;

  (d) the State Court's Decision and Order dated September 22, 2004, *inter alia*, granting summary judgment dismissing the Schuhs' answer ("Summary Judgment Order") is attached as Exhibit D;

  (e) the State Court's Judgment of Foreclosure and Sale dated January 11, 2005 ("Judgment") and the papers upon which it was granted are attached as Exhibit E;

  (f) the Schuhs' motion by Order to Show Cause entered February 23, 2005 seeking to vacate the Summary Judgment Order and the Judgment is attached as Exhibit F;

  (g) the Schuhs' reply papers on the motion are attached as Exhibit G;

  (h) the State Court's Decision and Order dated October 27, 2005, denying the Schuhs' motion and permitting the Foreclosure Action to proceed is attached as Exhibit H;

(i) the Schuhs' Notice of Appeal from said Order to the New York State Appellate Division, Third Department ("Appellate Division") is attached as Exhibit I;

(j) the Bankruptcy Court Order of January 31, 2006 dismissing Mr. Schuh's Chapter 13 Voluntary Petition in U.S. Bankruptcy Court, Northern District of New York (filed under Docket #05-20365-1 on December 13, 2005) is attached as Exhibit J;

(k) the Schuhs' motion, *pro se* to overturn the Summary Judgment Order and Judgment and for summary judgment in their favor dated February 16, 2006, is attached as Exhibit K;

(l) the State Court's Decision and Order dated March 21, 2006, denying the Schuhs' motion is attached as Exhibit L;

(m) the Schuhs' Motion by Order to Show Cause dated April 13, 2006, seeking to renew and reconsider and, again, to vacate the Summary Judgment Order and Judgment, is attached as Exhibit M;

(n) the foreclosure plaintiff's cross-motion is attached as Exhibit N;

(o) the transcript of oral argument of this motion by Schuhs' present counsel is attached as Exhibit O;

(p) the State Court's Decision and Order, dated August 17, 2006, denying the Schuhs' motion and prohibiting the Schuhs from filing any subsequent motion without leave of Court is attached as Exhibit P;

(q) the Schuhs' Notice of Appeal from this Order to the Appellate Division is attached as Exhibit Q;

(r) the Schuhs' motion to the Appellate Division on September 15, 2006 to consolidate their appeals and for further time to perfect their appeals is attached as Exhibit R (without exhibits);

(s) the Appellate Division Order entered October 12, 2006 granting consolidation is attached as Exhibit S;

(t) the Schuhs' motion by Order to Show Cause dated October 27, 2006 to stay the foreclosure sale scheduled for November 13, 2006 pending the determination of their appeal is attached as Exhibit T (without exhibits);

(u) the Appellate Division Decision and Order, dated and entered on November 9, 2006 denying the Schuhs' motion is attached as Exhibit U;

(v) the Bankruptcy Court Order Denying Extension of the Automatic Stay, signed on December 11, 2006, in Christopher Schuh's second voluntary Chapter 13 petition in bankruptcy, under Case No.: 06-13043-1 is attached as Exhibit V;

(w) the Schuhs' December 21, 2006 motion to the Appellate Division, seeking, among other things, to a) dismiss their consolidated appeals as moot, b) vacate the Judgment, c) alternatively, to extend the Schuhs' time to perfect their appeal, and d) staying the public auction scheduled for January 22, 2007 is attached as Exhibit W (without exhibits);

(x) the Appellate Division Order entered January 12, 2007 denying the Schuhs' motion except for granting a further extension to perfect, is attached as Exhibit X;

(y) the Schuhs' motion to the State Court to stay the foreclosure sale pursuant to NY Real Property Actions and Proceedings Law ("RPAPL") § 1341 is attached as Exhibit Y (without exhibits);

- 5 -

   (z) the State Court's Amended Decision and Order entered on January 30, 2007 granting Schuhs' RPAPL § 1341 motion only to the extent of staying the sale and directing payments from the Schuhs is attached as Exhibit Z;

   (aa) the Schuhs' Notice of Appeal from this Order, as modified by a subsequent order directing certain payments (containing notice of appeal, subsequent order entered March 6, 2007 and pre-calendar statement) is attached as Exhibit AA.

  6. The Schuhs made the payments required by the State Court Order entered March 6, 2007 (contained in Exhibit AA hereto) and demanded and received the release of mortgage and return of the original paid note.

  7. Attached as Exhibit BB is a true copy of the release of mortgage.

  8. Attached as Exhibit CC is a true copy of a letter from the Schuhs' counsel demanding return of the original note.

  9. Attached as Exhibit DD is a true copy of my letter to the Schuhs' counsel returning the original paid note marked "paid."

  10. Attached as Exhibit EE is a true copy of my letter to the Schuhs' counsel dated April 23, 2007.

  11. Attached as Exhibit FF is a true copy of a letter from the Schuhs' counsel to the State Court dated April 27, 2007.

   I declare under penalty of perjury that the foregoing is true and correct.

Dated: Buffalo, New York
   June 25, 2007

            \s\ Preston L. Zarlock
            Preston L. Zarlock (PZ 8313)

Doc # 01-1665732.2