UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CHRISTOPHER SCHUH, et ano.,

                   Plaintiffs,

         -against-                                 07 Civ. 0366 (LAK)

DRUCKMAN & SINEL, LLP, et al.,

                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/19/2008

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action is a sign of our economically troubled times. Plaintiffs Christopher and Diane Schuh owned a house in Saratoga County, New York, on which they had procured a mortgage. Over time, the ownership of the note and/or the party responsible for serving the mortgage changed a number of times. Eventually, plaintiffs received a notice of default and, after extensive proceedings that need not be elaborated upon here, suffered a judgment of foreclosure and sale that was filed in New York Supreme Court, Saratoga County, on January 21, 2005. Plaintiffs eventually bought their house at a foreclosure sale. In 2007, they brought this action against a host of parties who were involved in these events. They assert claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as for common law fraud. Defendants move to dismiss the amended complaint on a variety of grounds.

        In a report and recommendation dated February 29, 2008 (the "R&R"), Magistrate Judge Gabriel W. Gorenstein recommended that the motions to dismiss be granted and that plaintiffs be given leave to replead only certain aspects of their FDCPA claims. The R&R began by noting that certain aspects of plaintiffs' claims appeared to be foreclosed by the *Rooker-Feldman* doctrine while others did not, but declined to resolve the issue in light of the availability of other grounds of decision. It proceeded to reject plaintiffs' RICO and common law fraud claims, the former of which is based on alleged mail and wire fraud, on the ground that plaintiffs had not alleged, and could not allege, that they had relied on any misrepresentations by any of the defendants. It concluded that the first three alleged FDCPA violations were time-barred, that three others were insufficient for failure to allege facts to show that defendant HSBC is a "debt collector" subject to the statute, and that the remaining claim was insufficient because the amended complaint failed to allege which entity

involved with the communication at issue was the alleged debt collector. It nevertheless recommended that leave to amend be granted with respect to the fourth through seventh FDCPA claims alleged in paragraph 214 of the amended complaint. Plaintiffs object to the R&R to the extent that it is adverse to them. The HSBC defendants and the MERS defendants object to the R&R on a variety of grounds, most of which, if meritorious, involve what they see as alternative grounds for dismissal. The Court finds it unnecessary to reach all of the grounds advanced by the parties.

*Rooker-Feldman*

The amended complaint here tells a long and tortured tale that includes allegations that defendants forged signatures on an assignment of the mortgage (¶ 109), falsely assured Mr. Schuh that no foreclosure was contemplated (¶ 119), filed a complaint for foreclosure that "contained numerous false statements and misrepresentations" (¶ 124), submitted an affidavit in support of a motion for summary judgment that contained a false statement (¶¶ 133-35), and submitted affidavits in support of an application for a judgment of foreclosure that also contained false statements (¶¶ 138-43). It alleges that the judgment of foreclosure was filed on January 21, 2005. *Id.* ¶ 145 & Ex. X. And it goes on to assert that defendants in a variety of ways frustrated plaintiffs' efforts to close the first foreclosure sale, at which they had bought the property, and to pay off the mortgage. *Id.* ¶¶ 157-78) It does not seek to set aside the judgment of foreclosure. But it does seek damages including, "but . . . not limited to, payments for fees and expenses in attempting to pay-off the note an[d] mortgage; interest paid at excessive rates because the defendants refused to allow the mortgage to be paid-off; and damages to [plaintiffs'] credit." *Id.* ¶ 206. Thus, while the complaint is none too clear on the point, it at least arguably is susceptible to the interpretation that plaintiffs claimed, perhaps among other things, damages flowing from the entry of the judgment of foreclosure on the basis that the judgment had been procured, at least in part, by fraud.

For reasons alluded to in the R&R, any such claim would raise a serious question under *Rooker-Feldman*, which goes to the jurisdiction of the district court. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Our Circuit, moreover, has read recent Supreme Court decisions as foreclosing the practice of assuming the existence of subject matter jurisdiction in order to dispose of a case on other grounds in a manner adverse to the party asserting jurisdiction. *Prof'l Traders Fund, LLC v. Prarie Oil & Gas, Inc.*, 521 F. Supp.2d 313 (S.D.N.Y. 2007) (discussing cases). In consequence, as the case then stood, it would have been preferable, indeed perhaps essential, first to have sorted out the precise nature of plaintiffs' claims and then to determine as to each whether the Court lacked jurisdiction under *Rooker-Feldman*. Fortunately, however, the posture of the case has changed somewhat, and this exercise no longer is necessary.

Plaintiffs' objections state:

> "The Schuhs do not in the Amended Complaint request vacation of the judgment of foreclosure. That is not an issue. Whether or not the judgment of foreclosure was the result of extrinsic or intrinsic fraud, the claims for relief are

addressed to damages for actions that occurred in furtherance of the scheme <u>after</u> the judgment was entered. * * * The defendants sought to extort, and in fact received, monies from the Schuhs that they were not entitled to receive." Pl. Obj. 7 (emphasis in original).

As this unequivocal statement abandons any claims based upon injuries caused by the judgment of foreclosure and does not invite this Court to review and reject that judgment, *Rooker-Feldman* is not an obstacle to the exercise of jurisdiction with respect to the remaining aspects of the complaint. *See Hoblock*, 422 F.3d at 85.

*The RICO and Fraud Claims*

The R&R concluded that the RICO and fraud claims are insufficient because they fail to allege reliance. R&R 17-21. Plaintiffs object to this conclusion, arguing that "[r]eliance by third parties is sufficient" and pointing to "the wildly inconsistent demands of the defendants as set forth in the Amended Complaint and in communications annexed to these Objects [*sic*] as Exhibit 4." Pl. Obj. 7. But plaintiffs' objection is without merit.

The Court assumes, without having to decide, that a RICO or common law fraud plaintiff could make out a legally sufficient claim by alleging that a defendant deceived a third party and that the plaintiff suffered injury as a proximate consequence. Now that plaintiffs unequivocally have abandoned any attack on the judgment of foreclosure and limited their claim to the defendants' post-judgment actions, however, they do not even remotely approach stating such a claim. There simply is nothing in the amended complaint that suggests that defendants – in the post-judgment period – made any false statements or material omissions in communications with plaintiffs or anyone else *upon which plaintiffs or anyone else relied*. While it may well be that defendants, advertently or otherwise, engaged in actions and made statements that plaintiffs found frustrating or inaccurate, there simply is nothing here to suggest any actionable fraud.

*The FDCPA Claims*

Plaintiffs object to the R&R to the extent it recommends limitation of leave to amend to the three incidents referred to above. They argue that they may wish to add claims based on other events that occurred within the year prior to and the period after the commencement of the action. The Court agrees as to post-filing events. It sees no reason, however, why plaintiffs, after having previously amended the complaint once, should be permitted to expand the case yet again with respect to matters occurring before the case was filed.

*Defendants' Objections*

HSBC objects to the R&R on the grounds that it did not reach HSBC's arguments regarding its alleged *res judicata* and "litigation privilege" defenses to the non-FDCPA claims. Because a court is not obligated to reach arguments that are unnecessary to its decision, this objection is overruled.

HSBC asserts also that it has various defenses to the FDCPA claims and that plaintiffs therefore should not be allowed to replead them because any such repleading would be futile. Whether a Court denies leave to amend based on futility, however, is a matter of "discretion." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000). In this case, HSBC will not suffer prejudice if the Court addresses its defenses in the context of an amended complaint.

MERS objects to the R&R on the ground that it permits reinstatement of FDCPA claims against MERS. The Court does not so interpret the R&R. Rather, leave is granted to reinstate the claims only against the party that sent the communications at issue that is, HSBC (with respect to the fourth, sixth, and seventh claims) and Druckman & Sinel (the fifth claim).

*Conclusion*

For the foregoing reasons, defendants' motions to dismiss the amended complaint [docket items 18, 20, 25, 29, 47, and 49) all are granted. Plaintiffs, on or before March 31, 2008, may amend solely with respect to the four FDCPA claims beginning in 2006 that are referred to in paragraph 214 of the amended complaint as against the party that sent each communication and, in addition, may add any additional claims based on events subsequent to the date of filing of the amended complaint.

SO ORDERED.

Dated:   March 19, 2008

_____
Lewis A. Kaplan
United States District Judge